Pleading and practice; relief from judgment; preconditions for relief; timeliness of motion and independent action. — On June 13, 1980 the court entered the following order:
Glen A. Wilkinson, attorney of record, for plaintiff. Wilkinson, Cragun & Barker, Richard Anthony Baenen, Jacquelyn R. Luke and Glenn P. Sugameli, of counsel.
Craig A. Decker, with whom was Assistant Attorney General James W. Moorman, for defendant.
Before Friedman, Chief Judge, Davis, Nichols, Kunzig, Bennett and Smith, Judges, en banc.
An order of the court disposing of this case contrary to plaintiffs view issued on July 3, 1968, and the opinion explaining and reaffirming the order issued on October 18, 1968. The Confederated Salish and Kootenai Tribes of the Flathead Reservation, Montana v. United States, 185 Ct. Cl. 421, 401 F.2d 785 (1968), cert. denied, 393 U.S. 1055 (1969). More than 11 years after our decision adverse to it, plaintiff filed, on January 8, 1980, the motion for relief pursuant to Rule 152 which is now before us. The motion asks us to vacate our order and judgment of July 3 and October 18, 1968 and to allow, contrary to our decision, plaintiff to prove at a trial that it still retains title to the 10,585.86 acres which were excluded from its Reservation by erroneous surveys and embraced within National Forests. (In its reply brief plaintiff appears to ask the court to reverse itself without a trial.)[1] Defendant opposes the motion and, if the proceeding is deemed an independent action, asks that it be dismissed. We deny the motion for relief and dismiss the independent action (if such it be).
Of the six grounds for relief stated in Rule 152(b), admittedly the first four are inapplicable. The first three require the motion for relief to be made not more than 1 year after the judgment or order was entered — a condition obviously not fulfilled here.[2] Plaintiff does not and could *685 not contend that our judgment was void and therefore the fourth ground (that "the judgment is void”) also fails to apply. Ultimately plaintiff invokes only the part of the fifth ground which says "it is no longer equitable that the judgment should have prospective application” and the sixth and last ground ("any other reason justifying relief from the operation of the judgment”).
Plaintiffs present demand rests on three main bases: (a) they recently found out, through a Freedom of Information Act request, that the Interior Department requested the Department of Justice to support plaintiffs position in the 1968 case, but the Justice Department did not follow that advice or apprise the court of Interior’s position which paralleled that of plaintiff; these omissions are said to be unauthorized breaches of the fiduciary obligation owed by the Federal Government to the plaintiff Indian tribes;
(b) after this court’s 1968 decision, the Attorney General rendered an opinion (in 1972) on a comparable claim of the Yakima Tribe which ruling is said to be contrary to our 1968 decision; and
(c) the Attorney General’s 1972 ruling was thereafter carried out and accomplished through an Executive Order giving the Yakima Tribe the type of relief requested by plaintiff in the 1968 proceeding; this later executive determination (taken together with Interior’s consistent position) is said to show the inconsistency in the defendant’s position and the inequity of allowing our 1968 decision to remain standing with respect to plaintiff.
We consider none of these grounds, singly or together, to fall at this time within Rule 152(b)(5)[3] or Rule 152(b)(6). First, the failure to inform the court in 1968 of Interior’s views was not a breach of fiduciary obligation to the Indians or any imposition on the court. This was obviously a case in which the Department of Agriculture (on behalf of the Forest Service) and the Department of the Interior (on *686 behalf of the Bureau of Indian Affairs) could have opposed views. The Department of Justice requested the views of both Departments. Agriculture responded promptly, recommending a position adverse to plaintiff. Interior did not respond for about two months, not until after the Government had had to file its response to plaintiffs motion. The Attorney General or his delegate is charged by law with the Government’s litigation in this court (28 U.S.C. §§ 516-520) and, especially where as here two departments or agencies have conflicting views, Justice must determine and has the authority to determine what position to present. That is by no means an unprecedented occurrence. Nor is the rule different for Indian cases. Whatever fiduciary obligation the Government may have had toward plaintiff did not require the Justice Department to prefer the view of Interior over that of Agriculture, or to give up Justice’s own view because Interior had another. It is not uncommon in Indian cases for the Justice Department to disagree with the Interior Department.[4] As for the failure to inform this court of Interior’s position, all we need say here is that, since Interior’s letter was so late,[5] Justice was under no obligation to plaintiff or to the court to go to special pains to make available that belated letter (received after defendant’s submission had had to be filed after receipt of substantial extensions to await Interior’s response).
Second, neither a contrary legal ruling by the Attorney General (almost four years after our decision), if such it was, nor the issuance of an Executive Order on behalf of another tribe based on that ruling, supports or compels a change in our position at this time. This would not be the first time another tribunal has decided differently from a prior decision of this court. Rule 152 was not intended as a vehicle to enable us to change our opinion in the light of such a subsequent contrary decision — particularly after judgment in our case has been entered and paid, and many *687 years have passed. Inequity does not come about simply because another claimant has received a different result from a different tribunal.
Third, motions under Rule 152(b) must always be made "within a reasonable time,” and we have the most serious doubt whether plaintiffs present motion fulfills that condition. Plaintiff first sought legislative relief which was not forthcoming. As noted in footnote 2, supra, the judgment was paid in 1971, some 8 years before the current motion was filed. Plaintiff has been, of course, quite aware of its position ever since 1968. It says that it was only in August 1979 that it learned, through a Freedom of Information Act request, of the existence and contents of Interior’s unrevealed letter of June 12, 1968. Even so, the Freedom of Information Act has been on the books for many years, and we have been given no reason why the material could not have been obtained earlier, at least after final judgment was entered and paid in 1971. It is relevant, moreover, that if the current motion were treated as an independent action (see footnote 1, supra) it would be barred by the six-years statute of limitations for new or independent suits (28 U.S.C. § 2501) — whether limitations began to run in 1968 or in 1971 or in 1972 (when the Attorney General issued his opinion in favor of the other tribe). See Andrade v. United States, 202 Ct. Cl. 988, 994-97, 485 F.2d 660, 663-64 (1973), cert. denied, 419 U.S. 831 (1974).[6]
If this is indeed an independent action, it would have to be dismissed on the grounds we have given for rejection of the 152(b) motion.
We conclude, therefore, that plaintiff is not entitled to relief under Rule 152(b) or in an independent action.
it is therefore ordered, without oral argument, that plaintiffs motion for relief under Rule 152(b) is denied, and if the motion is deemed a petition in an independent action, it is dismissed.

 The motion is labeled "Motion for Relief Pursuant to Rule 152” and bears the same number as the 1968 case, but at one point in the motion plaintiff refers to the present proceeding as an "independent action for relief from this Court’s 1968 ruling on the 10,585.86 acres in question.” In its reply brief it contends expressly that its papers should be treated, alternatively, as proceedings in an independent action.

 The judgment on liability was entered on October 18, 1968. In 1971 final judgment was entered (order of November 11,1971) and $550,000 was paid to plaintiff on account of the judgment now challenged. The tribes then voted to place that money in escrow and to continue to seek return of the lands. Apparently, the *685 $550,000 has since been held by the United States in trust for the tribes on the condition that, if the lands are restored, the appropriate portion of the money will then be returned to the United States.

 We assume arguendo, without deciding, that the part of Rule 152(b)(5) invoked by plaintiffs — "it is no longer equitable that the judgment should have prospective application” — applies in these circumstances to a money judgment already paid. See note 2, supra.

 By the same token, the Department of Justice is not acting without authority or in breach of fiduciary obligation by opposing the present motion (although Interior would acquiesce in its granting).

 The time to file defendant’s opposition to plaintiffs motion expired on May 25, 1968 (after two extensions of time had been requested and received). Defendant’s opposition was filed on May 22, 1968. Interior’s letter is dated June 12,1968 and was received on June 13,1968.

 Defendant cannot properly be charged with concealing any evidence or factors bearing on plaintiffs claim, so as to toll limitations, see supra. Nor have the Indians been under a disability so as to toll limitations imposed by 28 U.S.C. § 2501. See Capoeman v. United States, 194 Ct. Cl. 664, 440 F.2d 1002 (1971).